THE AMERICAN EAGLE TOBACCO COMPANY v. LE GRAND PEIRCE ET AL.

*Fraudulent sale—Rescission—Direction of verdict—Discretion of court as to allowing plaintiff to introduce testimony after case closed.*

In this case the direction of a verdict in favor of defendants for want of any evidence tending to show fraud in the purchase of the goods replevied is held to have been warranted, and that the discretion of the court in refusing to open the case and allow plaintiff to introduce proof of defendants' insolvency at time of such purchase, was properly exercised.

Error to Kent. (Montgomery, J.) Argued May 18, 1888. Decided June 15, 1888.

Replevin. Plaintiff brings error. Affirmed. The facts are stated in the opinion and foot-note.

*Turner & Carroll,* for appellant, contended:

1. A case can only be taken from the jury when the evidence is susceptible of but one opinion; citing *Teipel v. Hilsendegen,* 44 Mich. 461; and the evidence must be absolutely free from conflict; citing *Marcott v. Railroad Co.,* 47 Mich. 1.

2. Plaintiff had a right to rely on the solvency of defendants, and on their financial ability to pay for the goods at the expiration of the term of credit asked for; and a purchase made by an insolvent debtor with the purpose not to pay is void; citing *Doyle v. Mizner,* 40 Mich. 160; *Shipman v. Seymour,* Id. 274.

*J. C. Fitz Gerald,* for defendants.

CHAMPLIN, J. This is an action for replevin brought by the plaintiff against the defendants to recover the property mentioned in the writ; the plaintiff claiming the right to rescind a sale of goods made by it to the defendants Peirce and White on the ground of fraud.

In 1886 the plaintiff was engaged in the manufacturing and selling of tobacco in the city of Detroit, and defendants Peirce and White were engaged in the selling of tobacco at retail in the city of Grand Rapids. The sale was effected through a traveling salesman of plaintiff, and at his urgent request.[1] Upon the trial of the cause in the court below, the judge, at the close of plaintiff's case, ruled that no evidence of fraud had been introduced, and that there was no evidence

---

[1] This salesman testified to said sale, and that defendant White, one of the vendees, stated that they had some bills to meet in 60 days, and did not want any more, but, if the witness would date the bill ahead a specified time, they would give him the order on 60 days', to which he assented; that White requested him to get the goods forwarded as soon as possible, as they were very low on Eagle tobacco, and would have to have some pretty soon; that the goods were shipped, and three days before the 60 days' credit commenced to run he was at defendants' store, and found it closed and in possession of a mortgagee of the stock, and found the goods there, as also a supply of Eagle tobacco other than that ordered.

to go the jury on the question of fraud, and directed a verdict for the defendants, and refused the plaintiff's request to be allowed to introduce more evidence.

Upon these rulings of the court below arise the exceptions upon which error is assigned.

The evidence which the plaintiff asked to introduce after it had closed its case was on the subject of the solvency of the parties at the time the goods were purchased, and was cumulative in its character. It was discretionary with the judge at that stage of the proceedings to permit it or not, and we do not think he abused his discretion. We are also clearly of the opinion that the judge was right in directing a verdict for the defendants. The evidence is all returned, and we fail to discover any that tends to prove that the goods were purchased with a fraudulent intent.

The judgment is affirmed.

The other Justices concurred